UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CARRINGTON KEYS, :
: NO.: 3:10-CV-1570
    Plaintiff :
: (JUDGE CAPUTO)
v. : (MAGISTRATE JUDGE PRINCE)
:
JACQUELINE CARROLL, ET AL., :
:
    Defendants :
:

## **REPORT AND RECOMMENDATION**

Pursuant to an Order entered on November 9, 2010 (Doc. 17), Honorable A. Richard Caputo referred the pending Motions to Dismiss to the undersigned for the purpose of preparing a Report and Recommendation.

**I. Background**

Plaintiff, Carrington Keys, an inmate currently incarcerated at SCI-Frackville, commenced this *pro se* action on June 14, 2010 by filing a complaint in the Court of Common Pleas of Luzerne County, which Defendants thereafter removed to this court on July 28, 2010 (Doc.1). The complaint, brought pursuant to 42 U.S.C. §1983 against the county district attorney and prison officials at SCI-Dallas, alleges, *inter alia*, assault, mail tampering, retaliation and failure to prosecute. Named as Defendants to this lawsuit are Jeffrey Beard, Secretary of the

Department of Corrections; Michael Klopotoski, the regional deputy secretary for the Department of Corrections; Superintendent Jerome Walsh of SCI-Dallas; Deputy Superintendent Vincent Mooney of SCI-Dallas; Joseph Zakkaranuskas, Robert McCoy, Lawrence Publosky, Elmore Angelope[1] and Nancy Fedor, all corrections officers at SCI-Dallas ("Correctional Defendants") and Jacqueline Musto Carroll, the District Attorney for Luzerne County.

On August 3, 2010, Defendant Carroll filed a Motion to Dismiss (Doc. 2) and thereafter filed a Brief in Support on August 17, 2010 (Doc. 4), to which Plaintiff filed a Brief in Opposition on September 30, 2010 (Doc. 12). Defendant Carroll filed a Reply Brief on October 6, 2010 (Doc. 13). The Correctional Defendants filed a Motion to Dismiss and Supporting Brief on August 31, 2010 (Docs. 8-9), to which Plaintiff filed a Brief in Opposition on October 15, 2010 (Doc. 15). The matter is now ripe for disposition. For the reasons stated below, the court will recommend that the Motions to Dismiss be granted.

## II. Factual Background

Although Plaintiff is currently incarcerated at SCI-Frackville, the allegations giving rise to his complaint concern actions that occurred when he was

---

[1] Plaintiff concedes that he has not stated a claim against Defendant Angelope (Doc. 15, p. 11). Consequently, he should be dismissed as a Defendant to this action.

incarcerated at SCI-Dallas from June 29, 2009 to April 29, 2010. Plaintiff avers that he sent information to Defendant Carroll regarding the alleged involvement of the Correctional Defendants in the suicide of a fellow inmate, Matthew Bullock.[2] Plaintiff further maintains that, instead of investigating and/or prosecuting the Correctional Defendants,[3] Defendant Carroll turned Plaintiff's complaint over to prison officials, who then retaliated against Plaintiff by assault, harassment and depriving him of mail. The present action followed.

**III. Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the

---

[2] It is unclear whether Plaintiff also alleges that he complained to Defendant Carroll of the alleged abuse he suffered at the hands of prison staff.

[3] Plaintiff characterizes this inaction as a due process violation.

3

plaintiff's cause of action." Id. The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). First, the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009) (*citing* Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must then determine whether the complaint states a plausible claim for relief, which is a "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557-58

4

(2007)).

**IV. Discussion**

*(A) Personal Involvement*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. *See* 42 U.S.C. § 1983; *see also* Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir. 1984). Section 1983 creates no substantive rights, but rather allows a plaintiff to vindicate violations of rights created by the U.S. Constitution or federal law. Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).

Claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See* Rizzo, *supra*; Hampton, *supra*. As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

5

Rode, 845 F.2d at 1207.

    *1. Beard, Klopotoski, Walsh and Zakkaranuskas*

Defendant Beard was formerly the Secretary of the Pennsylvania DOC. Defendants aver that Klopotoski is presently the Deputy Secretary of the DOC. Plaintiff argues, however, that Klopotoski was the Superintendent of SCI-Dallas for much of 2009, although he identifies him in the complaint otherwise: "Defendant Klopotoski at all relevant times was the Regional Deputy Secretary of the Department of Corrections Eastern Region." (Doc. 1, Ex. 1, p. 2). Plaintiff attempts to establish liability for his allegations of abuse and other civil rights violations against these Defendants as supervisors of the other Correctional Defendants. However, Plaintiff fails to allege the requisite personal involvement by Defendants Beard and Kloptoski to establish liability under § 1983. *See* Rizzo, *supra*; Rode, *supra*; Hampton, *supra*. Aside from their roles in the administration of the prison, Plaintiff makes no specific allegations as to how these Defendants were personally involved. His sole allegation with respect to Beard and Klopotoski is that they were aware of his complaints regarding claims of retaliation and assault and failed to address them. Such conclusory statements attempt to impose liability on the basis of respondeat superior. *See* Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d

Cir. 1993).

Inasmuch as Plaintiff does not allege, nor can he demonstrate, that Defendant Beard and Klopotoski were personally involved, or acquiesced in, denying his request for an accommodation, he cannot state a cause of action against them under § 1983. Consequently it is recommended that the Motion to Dismiss (Doc. 8) be granted with respect to Defendants Beard and Klopotoski.

Defendants also move for dismissal for Walsh and Zakkaranuskas[4] based on their lack of personal involvement. Plaintiff attempts to state claims against them by asserting, in conclusory terms that, as supervisors, they failed to properly train prison personnel in constitutional procedures regarding the treatment and care of inmates. He further contends, in general terms, that these Defendants knew of, or were deliberately indifferent to, unconstitutional practices and failed to implement policies ensuring the safety of inmates.

Supervisory liability for Section 1983 violations can be established by evidence showing that officials: participated in violating a plaintiff's rights; directed others to violate a plaintiff's rights; knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or

---

[4] Plaintiff alleges that these individuals were Deputy Superintendent and Major of the Guards, respectively.

ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n. 3 (3d Cir.1995). However, there is nothing in Plaintiff's complaint demonstrating personal involvement, knowledge or acquiescence by Walsh and Zakkaranuskas to the allegations in the complaint. With respect to these Defendants, Plaintiff's allegations are properly characterized as respondeat superior claims and fail to state a claim for relief under Section 1983. Consequently, Plaintiff has not articulated the requisite personal involvement by Walsh and Zakkaranuskas to state a claim against them under § 1983 and the Motion to Dismiss should be granted with respect to these Defendants.

*2. D.A. Carroll*

In her Motion to Dismiss, Defendant Carroll contends that Plaintiff's claims against her for failing to prosecute prison officials and employees must fail. Carroll states that as the county district attorney, she has no supervisory role over the actions of SCI-Dallas officials and employees. Plaintiff has not alleged that Carroll played any role in the alleged abuse and retaliation he alleges to have suffered by prison staff. Consequently, to the extent his claims against Carroll attempt to state a claim for deliberate indifference, failure to protect and/or failure to train, it should be dismissed inasmuch as he has failed to aver the requisite personal involvement on her part. Consequently, for the reasons set forth above,

8

the Motion to Dismiss (Doc. 2) should be granted with respect to Defendant Carroll on Plaintiff's failure to protect/deliberate indifference claim.

## *(B) Exhaustion*

The Prison Litigation Reform Act of 1995 declares that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 93 (2006). A prisoner must comply with the PLRA exhaustion requirement as to any claim that arises in the prison setting, regardless of the nature of the claim or of the relief sought. *See* Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). "[I]t is beyond the power of [any] court ... to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000).

"Proper exhaustion demands compliance with an agency's deadlines and

other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, *supra*, at 90. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seek[] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 93 (quoting Porter at 525).

The available remedies are found in the state's prison grievance procedures, and "compliance with prison grievance procedures ... is all that is required by the PLRA to 'properly exhaust.'" Jones v. Bock, 549 U.S. 199, 218 (2007). The Pennsylvania DOC has a three-stage grievance process which includes the initial review, the appeal to a facility manager, and the appeal to the Secretary's Office of Inmate Grievances and Appeals. *See* Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). Failure to comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill at 227-32 (3d Cir.2004). A procedural default, "either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim." Gallego v. United States, No. 02-1157, 2005 WL 1653166, at *2 (M.D. Pa. July 8, 2005).

Defendants assert that Plaintiff has failed to file his present complaints for review through the prison grievance system. Plaintiff contends, however, that these allegations do not, as Defendants argue, concern prison conditions and, therefore, he is not obligated to exhaust his administrative remedies prior to filing an action in court. The court disagrees. Prison conditions have been held to include the "environment in which prisoners live, the physical conditions of that environment, and the nature of the services provided therein." Booth v. Churner, 206 F.3d 289, 295 (3d Cir. 2000); Jones v. Carroll, 628 F. Supp.2d 551, 556-57 (D. Del. 2009). Moreover, conditions of confinement claims encompass both general circumstances and particular episodes as well as claims alleging excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532 (2002). Clearly the complaint which raises concern with prison policies regarding the training of prison staff, the treatment and security of inmates and the process for handling mail fall within the same scope.

Accordingly, despite Plaintiff's unsupported argument to the contrary, his present action pertains to the conditions of his confinement, which requires administrative exhaustion prior to seeking judicial relief. Having failed to exhaust his administrative remedies through the prison grievance system, Plaintiff has procedurally defaulted the claims he now seeks to present. Consequently, the

11

Motions to Dismiss (Docs. 2, 8) should be granted with respect to all Defendants on this issue.

## (C) Prosecutorial Immunity

Plaintiff additionally seeks damages from Carroll for failing to investigate and prosecute his complaints against prison officials and employees pursuant to PA. R. CRIM. P. 506.[5] The district attorney is afforded the power to prosecute on behalf of the Commonwealth, and to decide whether and when to prosecute. Hearn v. Myers, 699 A.2d 1265, 1267 (Pa. Super. 1997); Petition of Piscanio, 344 A.2d 658, 660 (1975).

Generally, "[t]here is no statutory or common law right, much less a

---

[5] Rule 506. Approval of Private Complaints

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B) If the attorney for the Commonwealth:

> (1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

> (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

constitutional right, to an investigation." Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir.2007) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another")). A district attorney enjoys absolute immunity to claims she failed to prosecute private criminal complaints that Plaintiff filed against the others. *See* Ludwig v. Berks County, Pa., 313 Fed. Appx. 479, 482 (3d Cir. 2008); Kulwicki v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir.1992); Sanders v. Downs, No.3:08-CV-1560, 2010 WL 817475, *17 (M.D. Pa. March 9, 2010) (Caputo, J.). There is nothing in the complaint to suggest that Carroll was acting outside of the scope of her duty as prosecutor by either determining that the Luzerne County District Attorney's Office would not approve the filing of Plaintiff's private criminal complaint against the Defendants or by her referral of the matter back to prison officials. Inasmuch as he, as a private citizen, has no judicially cognizable interest in the criminal prosecution or non-prosecution of any of the Defendants, Plaintiff's claim against Carroll for failing to investigate and/or prosecute them is without merit. *See* Linda R.S., *supra.*

Moreover, as noted in Rule 506, a private criminal complainant whose complaint is disapproved by a district attorney may petition the Court of Common Pleas for review. Rule 506(B)(2). Plaintiff did not avail himself of that avenue of

13

redress. Nor, as noted above, has he pursued relief through the inmate grievance system regarding the underlying allegations of his private criminal complaint to the district attorney, *to wit*., physical abuse by prison employees against inmates. Unfortunately for Plaintiff, the protocols in place to address these issues are not discretionary nor can his pursuit of such claims be forged without consideration of these procedural rules. Having failed to raise these issues through the proper channels available to him, the present claims also are procedurally defaulted. Consequently, the Motion to Dismiss (Doc. 2) should be granted with respect to Defendant Carroll on this issue as well.

**V. Recommendation**

Based on the foregoing, it is respectfully recommended that Defendants' Motions to Dismiss (Docs. 2, 8) be granted. It is also recommended that Angelope be dismissed as a party to this action.[6]

---

[6] Moreover, an individual sued in his official capacity is not a "person" under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Under §1983, suits against defendants in their official capacities limit redress to prospective injunctive relief. Compensatory damages are available only in actions against defendants in their individual capacities. Consequently, to the extent Plaintiff seeks compensatory damages against the Defendants in their official capacities, his claim(s) should be dismissed. Additionally, inasmuch as Plaintiff is no longer incarcerated at SCI-Dallas, it would seem that prospective injunctive relief is moot. *See* Abdul-Akbar v. Watson, 4 F.3d 195, 206-207 (3d Cir.1993) (prisoner's transfer or release from prison moots his claims for

(continued...)

14

Date: December 9, 2010                                   <u>s/ William T. Prince</u>
                                                         William T. Prince
                                                         United States Magistrate Judge

---

⁶(...continued)
injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional.); <u>Weaver v. Wilcox</u>, 650 F.2d 22, 27 (3d Cir.1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").

15