**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CARRINGTON KEYS,

   Plaintiff,

       v.

JACQUELINE CARROLL, et al.,

   Defendants.

CIVIL ACTION NO. 3:10-CV-1570

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is the report and recommendation of Magistrate Judge William T. Prince (Doc. 21.) The report recommends that the defendants' motions to dismiss (Docs. 2, 8) be granted. For the reasons explained below, the report will be adopted in part and rejected in part.

## **I. Background**

Carrington Keys is an inmate at a State Correctional Institution in Pennsylvania (SCI-Dallas). He filed a complaint in the Court of Common Pleas against various prison officials pursuant to 42 U.S.C. § 1983. The defendants removed the action to federal court. They moved to dismiss. (Doc. 2, 8.) The motions to dismiss were referred to a magistrate judge for a report and recommendation.

The magistrate judge filed a report recommending that the motions to dismiss be granted because the plaintiff fails to allege personal involvement by the named defendants and because he failed to exhaust his administrative remedies.

The plaintiff filed his objections. (Doc. 24.) The defendants have responded, (Doc.

1

25), and the motions are fully briefed and ripe for review.

## II. Discussion

**A. Legal Standard for Reviewing a Report and Recommendation**

Where objections to the magistrate judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

Here, the court reviews the portions of the report and recommendation which Banks objects to de novo.  The remainder of the report and recommendation is reviewed for clear error.

**B. Legal Standard on a Motion to Dismiss Under 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in

whole or in part, for failure to state a claim upon which relief can be granted. In deciding a 12(b)(6) motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal is appropriate only if a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which is to say "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 319 (3d Cir. 2010) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (alteration in *Arista Records*)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 1950.

In line with the pleading standards established by the Supreme Court's decisions in *Twombly* and *Iqbal*, the Third Circuit has instructed district courts to conduct a two-part analysis when disposing of a motion to dismiss for failure to state a claim. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This analysis proceeds as follows:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but

> may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Id.* at 210–11 (internal citations omitted).

Courts must construe complaints "so as to do substantial justice." Fed. R. Civ. P. 8(e). Courts liberally construe *pro se* pleadings and "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

**C. Objections as to Supervisory Officials**

The magistrate judge concludes that the plainitiff failed to allege personal involvement by the defendants who are prison supervisory officials. As the magistrate judge correctly notes, there is no *respondeat superior* liability under § 1983. *See Spruill v. Gillis*, 372 F.2d 218, 236 (3d Cir. 2004). The magistrate judge understands the complaint to allege mere vicarious liability. The magistrate judge regards the complaint as failing to allege that the defendants were involved in, knew of, or acquiesced to the plaintiff's constitutional harms. Thus, the magistrate judge recommends dismissal.

The plaintiff objects to this portion of the report and argues that he properly alleged that the defendants implemented policies leading to his constitutional injuries.

It is true that a § 1983 defendant "must have personal involvement in the alleged wrongs to be liable," *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), and "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved," *C.H.* ex rel. *Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). However, "[i]ndividual

4

defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586 (3d Cir. 2004) (citing *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)).

The complaint alleges that defendants Beard, Klopotosky, Walsh, Mooney and Zakkeranskas had the authority and ability to establish prison policy. (¶ 28.) The complaint further alleges that these defendants were deliberately indifferent to the plaintiff's constitutional rights, despite "*knowing* that unconstitutional policies, practices, and customs" were in place. (¶ 29.) These alleged policies included beating inmates who filed grievances. (¶ 26.) The plaintiff further alleges that these policies and customs led to his harms. (¶ 26.) These allegations are sufficient to withstand a motion to dismiss, and the report's recommendation that the claims against these defendants be dismissed will be rejected.

**D. Grievances**

The plaintiff objects to the portion of the report concluding that dismissal should be granted to all defendants based on his alleged failure to exhaust his administrative remedies. The plaintiff argues that failure to exhaust was only raised by Defendant Carroll, and that it is inappropriate to grant dismissal *sua sponte* on the basis of an affirmative defense that the other defendants failed to raise.

The Court agrees. Failure to exhaust administrative remedies is an affirmative defense, which must be pleaded and proven by the defendants. *Jones v. Bock*, 549 U.S. 199, 211–212 (2007). Here, the only defendant who raised the affirmative defense was

Defendant Carroll. Thus, dismissal as against the other defendants would be improper.

**E. Official Capacity**

The supervisory officials move for dismissal to the extent that the plaintiff sues them in their official capacity.

The Eleventh Amendment, which provides that the federal judicial power "shall not be construed to extend to any suit in law or equity" brought by an individual against a state, gives immunity to state governments from suit in federal court.  Individual state employees sued in their official capacities are entitled to Eleventh Amendment immunity because "official-capacity suits generally represent only another way of pleading an action" against the state. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

Courts construe pleadings "so as to do justice." Fed. R. Civ. P. 8(e).  *See Hindes v. FDIC*, 137 F.3d 148, 157 (3d Cir. 1998) (construing claim identified in the complaint as against an official in his individual capacity as asserting a claim against him in his official capacity); *Biggs v. Meadows*, 66 F.3d 56, 60–61 (4th Cir. 1995) (holding that a plaintiff need not expressly plead the capacity in which he is suing a defendant under § 1983, but the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity).

Here, the plaintiff seeks money damages and equitable relief. To the extent that the plaintiff seeks money damages, the Court assumes the officials are being sued in their individual capacities. Dismissal is not necessary.

**F. Verbal Harassment**

The defendants move to dismiss the complaint "to the extent that [the plaintiff] is suing the Corrections Defendants for mere verbal threats and harassment." Nowhere in the complaint does the plaintiff claim verbal harassment as a cause of action; indeed his claims are all for constitutional violations.

Additionally, the defendants argue that the plaintiff's allegations with respect to Defendant Angelope are inadequate to state a claim for relief. The Court disagrees. Defendant Angelope is alleged to have warned the plaintiff:

> You should not be filing complaints with Human Rights Coalition. I advise you to mind your business because this will make you a target[;] these are some serious allegations being made . . . that is [*sic*] going to cause you trouble if you don't sign off on these complaints.

(Complaint at ¶ 10.) While "mere threats" do not rise to the level of a constitutional violation, "[g]overnment actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Prisoners have a right under the First Amendment to file grievances, and where a prison official threatens an inmate, because the inmate exercised his constitutional rights, in a manner "sufficient to deter a person of ordinary firmness" from exercising his constitutional rights in the future, a constitutional violation has occurred. *See id.* Here, the facts as alleged in the complaint suggest threats due to the plaintiff's filing of grievances that would be sufficient to chill future complaints. Thus, the complaint states a claim for relief as to Angelope, and the motion to dismiss will be denied.

**G. Defendant Carroll**

The complaint alleges that Carroll, a Luzerne County district attorney, sent two criminal complaints filed by the plaintiff to the supervisory defendants, which led to prison officials assaulting the plaintiff in retaliation. The plaintiff brings due process claims against Carroll. The magistrate judge held that no claim was stated as against Carroll, and the plaintiff objects.

The plaintiff argues that under state law, he possesses a due process right to have his criminal complaint investigated.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." To prevail on a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show (1) that he possessed a life, liberty, or property interest within the meaning of the Fourteenth Amendment, and (2) that he did not have procedures available to him that would provide him with "due process of law." *Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir. 1984). A plaintiff must establish each of the following five elements in relation to a § 1983 procedural due process claim:

> (1) that he was deprived of a protected liberty or property interest; (2) that this deprivation was without due process; (3) that the defendant subjected the plaintiff, or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the Defendant was acting under color of state law; and (5) that the plaintiff suffered injury as a result of the deprivation without due process.

*Sample v. Diecks*, 855 F.2d 1099, 1113–14 (3d Cir. 1989).

"[P]roperty interests protected by procedural due process extend well beyond actual ownership of real estate, chattels, or money." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571–72 (1972). Property interests also extend to entitlements granted by the state,

8

*see id.* at 577, and courts have found property interests in a variety of entitlements, *see Goldberg v. Kelly*, 397 U.S. 254 (1970) (welfare); *Slochower v. Bd. of Educ.*, 350 U.S. 551 (1956) (tenure).

However, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. Whether a person has a legitimate claim of entitlement in a benefit depends on state law. *Id.* For example, where a state law defines welfare eligibility and gives all who meet the criteria the right to receive welfare benefits, the right to welfare is an entitlement implicating procedural due process. *See id.* (citing *Goldberg*, 397 U.S. 254).

Rule 506 of the Pennsylvania Rules of Civil Procedure provides, with respect to private criminal complaints, that:

> (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.
>
> (B) If the attorney for the Commonwealth:
>
> > (1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;
> >
> > (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

This language requires that the attorney approve or disapprove the complaint. The plaintiff suggests that because the attorney has an obligation to investigate each complaint, each complainant has a property interest in having an investigation completed.

Even assuming that the attorney has an obligation to investigate a complaint, it does

not follow that the complainant has an entitlement to have his complaint investigated. Indeed "[m]aking the actions of government employees obligatory can serve various legitimate ends other than the conferral of a benefit on a specific class of people." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 765 (2005). In criminal law, it is "[t]he serving of public rather than private ends [which] is the normal course" because criminal acts harm society as a whole. *Id.* at 761, 765 (discussing "[t]he deep-rooted nature of law-enforcement discretion, even in the presence of seemingly mandatory legislative commands").

In light of the traditional discretion given to prosecuting attorneys and law enforcement officials, coupled with Rule 506's failure to clearly grant a complainant a statutory entitlement to have his complaint investigated, it is evident that the legislature did not intend to confer a statutory entitlement to complainants to have investigations conducted. Thus, the plaintiff has no protected property interest within the meaning of the Fourteenth Amendment, and the procedural due process claim against Carroll must be dismissed. Because amendment of this claim would be futile, leave to amend will not be given. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

However, the plaintiff also alleges that Carroll's actions in sending the complaint back to the supervisory defendants led to his mistreatment. He argues that on these facts, the complaint states a substantive due process claim under the state-created danger doctrine.

Generally, the Fourteenth Amendment's due process protections do not obligate the state to protect its citizens. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195–96 (1989). The state-created danger doctrine recognizes that a substantive due process violation may occur "when state authority is affirmatively employed in a manner that injures a citizen or renders him 'more vulnerable to injury from another source than he or she

would have been in the absence of state intervention.'" *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006) (quoting *Schieber v. City of Phila.*, 320 F.3d 409, 416 (3d Cir. 2003)).

To survive dismissal, a plaintiff must allege facts showing he is entitled to relief on the following four elements: (1) "the harm ultimately caused [must have been] foreseeable and fairly direct;" (2) the conduct must have occurred "with a degree of culpability that shocks the conscience;" (3) the plaintiff must be "a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought by the state's actions;" and (4) the state actor must have "used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." *Bright*, 443 F.3d at 281.

In order for conduct to have occurred with a conscience-shocking degree of culpability, the actor must have disregarded a "known or obvious consequence of his action." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). Here, the plaintiff has failed to allege any facts suggesting that sending a complaint back to prison officials to be investigated more thoroughly happened with a conscience-shocking degree of culpability. Moreover, the plaintiff's harm was neither foreseeable nor direct. Therefore, the plaintiff cannot state a substantive due process claim upon which relief can be granted, and his claim against Carroll must be dismissed. An opportunity to amend this claim will be given to the plaintiff. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Defendant Carroll also requests prosecutorial immunity. While prosecutors have absolute immunity for conduct necessary to prepare for a case, *Schrob v. Catterson*, 948

11

F.2d 1402, 1414 (3d Cir. 1991), this immunity does not extend to "mere[ ] investigative evidence-gathering," *Kulwicki v. Dawson*, 969 F.2d 1454, 1466 (3d Cir. 1992). With respect to investigations, an officer "must meet the 'objective reasonableness' standard of qualified immunity to be relieved of suit." *Kulwicki*, 969 F.2d at 1466. At this time, there is insufficient information from which to determine whether Carroll should be granted qualified immunity. Should the plaintiff amend his complaint against Carroll, she is free to raise immunity again.

### III. Conclusion

For the reasons explained above, the magistrate judge's report and recommendation will be adopted to the extent that it recommends granting Defendant Carroll's motion to dismiss (Doc. 2). The report and recommendation will be rejected to the extent that it recommends granting the remaining defendants' motion to dismiss. If he can do so, the plaintiff will have twenty-one days from the date of this opinion to amend his complaint to state a substantive due process claim against Defendant Carroll.  An appropriate order follows.

| | |
|---|---|
| March 28, 2011 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARRINGTON KEYS,<br><br>    Plaintiff,<br><br>        v.<br><br>JACQUELINE CARROLL, et al.,<br><br>    Defendants. | NO. 3:10-CV-1570<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 28th day of March, 2011, **IT IS HEREBY ORDERED** that the report and recommendation (Doc. 21) will be **ADOPTED** in part and **REJECTED** in part as follows:

(1) The recommendation that Defendant Carroll's motion to dismiss (Doc. 2) be granted is **ADOPTED**.

(2) The plaintiff has twenty-one days from the date of this order in which to submit an amended complaint that states a claim upon which relief can be granted against Defendant Carroll on the substantive due process claim. If the plaintiff fails to do so, he has waived the right to amend and Defendant Carroll will be dismissed from the action.

(3) The recommendation that the other defendants' motion to dismiss (Doc. 8) be granted on the remaining claims is **DENIED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge