# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRINGTON ALAN KEYS, | |
| Plaintiff, | NO. 3:11-CV-01570 |
| v. | (JUDGE CAPUTO) |
| DISTRICT ATTORNEY JACQUELINE M. CARROLL, et al., | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is the Plaintiff's Motion to Strike Defendant District Attorney's Brief in Opposition to Motion for Reconsideration. (Doc. 143). For the reasons below, the Court finds that Defendant District Attorney Jacqueline M. Carroll's brief was not untimely and will deny Plaintiff's Motion.

## I. Background

On December 5, 2011, the Clerk of Court docketed Plaintiff's Motion for Reconsideration of the Court's Court's November 23, 2011 Order. (Doc. 123). Plaintiff's Motion contained an argument and legal citations, which the Court construes as a brief in support of his Motion. Defendant Carroll filed her response to Plaintiff's Motion and Brief on December 22, 2011. (Doc. 134). On January 4, 2012, Plaintiff filed his Motion to Strike Carroll's brief as untimely. (Doc. 143). This Motion is now ripe and ready for the Court's review.

## II. Analysis

The Middle District's Local Rule 7.6 ("Submission of Briefs Opposing Motions") states, in relevant part, that "[a]ny party opposing any motion . . . shall file a brief in

opposition within fourteen (14) days after service of the movant's brief . . . . Any party who fails to comply with this rule shall be deemed not to oppose such motion." Further, the Standing Order of the United States District Court for the Middle District of Pennsylvania provides that: "[i]n accordance with Fed.R.Civ.P. 6(d) . . . service by electronic means is treated the same as service by mail for the purposes of adding three (3) days to the prescribed period to respond." Standing Order 05–6, *In RE: Electronic Case Filing Policies and Procedures*, Section 4, Consequences of Electronic Filing. Taken together, when a document is filed electronically[1] in the Middle District of Pennsylvania, the period in which a party has to respond under the local rules is actually seventeen (17) days.

Plaintiff's Motion and Brief were filed electronically on December 5, 2011. Defendant Carroll filed her brief seventeen (17) days later on December 22, 2011. As this comports with the prescribed period under the Local Rules as combined with the three (3) day grace period, the Court will deem Defendant's Motion as timely and deny Plaintiff's Motion to strike.

---

[1] While Plaintiff's Motion certified that it was "sent to Defendants by first class mail" (Doc. 123 at 8), the effect of this is not addressed by either party and the Court will construe service as affected through electronic means. To any extent this is in error, the Court believes the Defendant's reliance on the electronic filing system was warranted and will construe Carroll's brief as timely pursuant to Local Rule 1.3 ("Suspension of Rules").

### III. Conclusion

For the reasons stated above, the Court will deny the Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Motion for Reconsideration. (Doc. 143). An appropriate order follows.


February 17, 2012                                             /s/ A. Richard Caputo
Date                                                                   A. Richard Caputo
                                                                           United States District Judge