# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRINGTON KEYS, | CIVIL ACTION NO. 3:10-CV-1570 |
| Plaintiff, | (JUDGE CAPUTO) |
| JACQUELINE CARROLL, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Corrections Defendants' Motion for Relief from Discovery Order. (Doc. 175.) The Corrections Defendants argue that they should be excused from my April 10, 2012 Order granting Plaintiff discovery "of reports and grievances complaining that the Corrections Defendants retaliated against other parties for exercising their right to petition for redress of grievances" as it is overly burdensome. *Keys v. Carroll*, 3:10-CV-1570, 2012 WL 1191620, at *4 (M.D. Pa. Apr. 10, 2012) (Caputo, J.).

The Corrections Defendants have attached a Declaration of Robin Lucas, the Superintendent's Assistant and Grievance Coordinator at SCI-Dallas. (Lucas Decl. at ¶¶ 1-2, Doc. 177.) In this Declaration, Lucas affirms that there is no category in the system for "retaliation," and that the name of the staff member involved is not always entered. (*Id.* at ¶¶ 3-4.) Lucas further declares that a total of 6335 grievances were filed at SCI-Dallas in the years covered by my Order. (*Id.* at ¶ 5.) As such, Lucas opines that she is "unable to comply with the Court's Order because inmate grievances cannot be accurately sorted or filtered by name of Corrections Defendants . . . [and] the inmate grievances cannot be sorted by the subject matter retaliation, because there is no such category in the Inmate

Grievance Tracking System." (*Id.* at ¶ 8.)  Finally, Lucas declares that this task would take "thousands of man-hours" to complete.  (*Id.* at ¶ 9.)

In support of their position, the Corrections Defendants cite *McDowell v. Litz.* CIV. 1:CV-08-01453, 2009 WL 2058712 (M.D. Pa. July 10, 2009) *aff'd*, 419 F. App'x 149 (3d Cir. 2011).  Like the instant action, *McDowell* concerned a civil rights action under 42 U.S.C. § 1983 against employees of SCI-Dallas.  That court was presented with the question of whether to grant that plaintiff's request to compel certain documents, including a multitude of grievances asserted against the defendants.  *Id.* at *2.  As in the instant matter, the defendants responded that "the grievance system does not have the capability to track the grievances against specific individuals" and that "[t]housands of grievances would have to be hand searched."  *Id.* at *3.  From this, *McDowell* determined that the requests were "overbroad and overly burdensome" and denied that plaintiff's motion to compel.  *Id.*

Unlike *McDowell*, I have already made a threshold determination that the documents sought in the current matter should be produced.  However, under Federal Rule of Civil Procedure 26, a court may limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii). While it would be unreasonable to commit thousands of man hours to this discovery request, I also decline to adopt an "either-or" approach which would completely free the Corrections Defendants of their discovery obligations.  There are, for example, grievance categories which may significantly limit the extent of this search, including "prob w/ staff-

2

officers," "harassment," and "allegation of abuse."  Further, though imperfect, that these grievances may be sorted by officer, this would also go a long way in cutting down the grievances which would need to be reviewed.

Therefore, I will deny the Corrections Defendants' request to be relieved of their obligation to produce the documents referenced in my April 10, 2012 Order.  The Corrections Defendants are directed to make reasonable efforts in uncovering these materials and to document such efforts.  If the Plaintiff then believes that the resulting disclosure is inadequate, I will entertain further objections at that juncture in light of the efforts undertaken.  However, today, I will require that some effort be made to satisfy this request before determining that the Corrections Defendants are wholly excused from making such a production.

An appropriate order follows.


 June 28, 2012                                                      /s/ A. Richard Caputo
Date                                                                      A. Richard Caputo
                                                                               United States District Judge