**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARRINGTON KEYS,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>JACQUELINE CARROLL, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:10-CV-1570<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Currently before the Court is Plaintiff Carrington Keys's Motion to Supplement. (Doc. 113.) Because the additional claims Keys seeks to incorporate into this action are not expressly tied to his original, underlying claims, and as this matter is listed for trial in November, I will deny his Motion to Supplement without prejudice as it would not lead to the justiciable disposition of this matter.

## BACKGROUND

Plaintiff Carrington Keys is currently incarcerated at State Correctional Institution ("SCI") Camp Hill.  Previously, while incarcerated at SCI Dallas, Keys lodged criminal complaints with the Luzerne County District Attorney's Office that he asserts were not investigated.  In particular, Keys alleges that he submitted information to District Attorney Jacqueline M. Carroll alleging involvement of the Correctional Defendants in the suicide of a fellow inmate, but that instead of investigating and/or prosecuting the Correctional Defendants, Defendant Carroll forwarded Plaintiff's complaint to prison officials who then retaliated against Plaintiff by assaulting him, harassing him, and depriving him of mail.

　Keys filed his initial Complaint in the Luzerne County Court of Common Pleas against

various prison officials pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, assault, mail tampering, retaliation, and failure to prosecute. The Defendants removed the action to federal court. (Doc. 1). Defendants to this lawsuit include: Jeffrey A. Beard, Secretary of the Department of Corrections; Michael Klopotoski, the Regional Deputy Secretary for the Department of Corrections; SCI Dallas Superintendent Jerome Walsh; SCI Dallas Deputy Superintendent Vincent Mooney; Joseph Zakkarauskas, Robert McCoy, Lawrence Pudlosky, Elmore Angelope and Nancy Fedor, all employees at SCI Dallas ("Correctional Defendants"); and Jacqueline Musto Carroll, the former District Attorney for Luzerne County.

As a result the District Attorney's Office returning Plaintiff's complaint back to the prison officials, Plaintiff claims he was subjected to verbal and physical harassment from Corrections Officers ("CO") Pudlosky and McCoy who manufactured false misconduct reports to conceal their abuse. Plaintiff's claim against Defendant Carroll is that she had an unconstitutional policy of sending prisoner criminal complaints back to their respective institutions in order to endanger the inmates who authored them and to make them disappear. Plaintiff argues that this indifference to his federal rights amounted to a state created danger, and that Defendant Carroll had constructive knowledge of the culture of lawlessness her actions were promoting within the prisons. Plaintiff further alleges that Defendants Beard, Klopotoski, Walsh, Mooney, and Zakkarauskas were deliberately indifferent in training their Officers as to constitutional policies, and that they affirmatively established policies and practices that encouraged interference with prisoners' right to petition for redress of grievances.

Pursuant to the Court's November 23, 2011 Order, Plaintiff filed an Amended

Complaint on December 6, 2011. (Doc. 125.) In his Amended Complaint, Plaintiff alleges Defendant's actions were in violation of his rights: (1) to be secure in his person and property under the Fourth, Eighth, and Fourteenth Amendments; (2) to petition for redress of grievances under the First Amendment; (3) to be free of cruel and unusual punishment under the Eighth Amendment; (4) of equal protection under the First and Fourteenth Amendments; and (5) of substantive due process under the Fourteenth Amendment. Keys also claims assault and battery under state law and that Defendant Carroll's actions amounted to a state created danger under the Fourteenth Amendment's Due Process Clause. Plaintiff seeks a permanent inunction and monetary damages as against all Defendants.

On November 15, 2011, Keys filed his Motion for Leave to File a Supplemental Complaint. This Motion is now ripe for the Court's consideration.

## **DISCUSSION**

**I. Legal Standard**

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In referring to events that occurred after the original pleading was filed, a supplemental pleading differs from an amendment, which covers matters that occurred before the filing of the original pleading but were overlooked at the time. *Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185, 1188 (3d Cir. 1979). A motion to supplement is governed by essentially the same standards as a motion to amend a complaint, *Holmes v. Bledsoe*, No. 4:cv-10-1043,

2011 WL 292851, at *6 (M.D. Pa. Jan. 26, 2011), and, "like an application for leave to amend a complaint, is addressed to the sound discretion of the trial court," *Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D. Pa. 1988) (citation omitted).  Thus, this mechanism allows parties to "assert new claims, which arose subsequent to the original complaint, although the court retains discretion to deny a request for supplementation when the proffered claims are unrelated to the original cause of action." *Good v. Borough of Steelton*, 1:06-CV-1736, 2008 WL 4454058, at *11 (M.D. Pa. Sept. 30, 2008) (citations omitted).  "Factors to be considered by the court include the promotion of a [justiciable] disposition of the case, the delay or inconvenience the allowance of such a pleading will cause, and the prejudice to the rights of the parties to the action." *Nottingham*, 709 F. Supp. at 544.

## II.  Analysis

Through this proposed supplemental complaint, Plaintiff Keys seeks to add eight additional Defendants including the Luzerne County District Attorney's Office; David Pedri, the Deputy District Attorney; Frank T. McCabe, the Assistant District Attorney; Christopher Wilson, the Corporal of the Wyoming Barracks of the Pennsylvania State Police; James Barnacle, the Director of the Office of Professional Responsibility at the Pennsylvania Department of Corrections; two SCI Dallas Corrections Officers, J. Martin and David Mosier; and Michael Dessoye, the Chief Detective at SCI Dallas.

As explained above, the instant Amended Complaint seeks redress for alleged harm suffered as a result of the District Attorney's Office forwarding complaints about prison officials back to those same prison officials.  Also as noted, this matter is now on the November trial list.  As such, I find it would not be in the interest of justice to grant Plaintiff

Keys the opportunity to supplement this matter–which has been pending for more than two years–with what are, at essence, new claims.

In particular, Keys first seeks to add a claim that, following the filing of his lawsuit in June of 2010, the Luzerne County District Attorney's ("DA's") Office forwarded his criminal complaint to the Department of Corrections "to investigate itself and conceal the crimes alleged . . . ." (Proposed Supp. Compl. at ¶ 18, Doc. 113-1.)  Keys alleges that assisting the Department of Corrections in discrediting civil complaints was the practice of the DA's office, that this provided the Corrections Defendants an opportunity to destroy evidence, and that the DA's Office was constructively aware that this would lead to further assaults. (*Id.* at ¶¶ 19-20.)  In his supplemental complaint, Keys does not actually allege that any evidence was actually destroyed or that he was actually assaulted as a result of this particular conduct.  However, I find that this is a new and separate allegation which, although perhaps indicative of the corrupt culture alleged by Plaintiff Keys, is not inherently tied to the underlying allegations of the instant action.

Keys seeks to add a further claim that Carroll, Pedri, McCabe, Wilson, and Barnacle concealed "video recorded evidence that six white officers bloodily beat six black prisoners while pinned to the ground. . . in order to further assist in the creation of false report and continue the political alliance family ties that Luzerne County District Attorneys Office has with Dallas D.O.C. employees." (*Id.* at ¶ 19.)  This alleged assault was part of an April 29, 2010 incident that Keys has previously attempted to bring into this lawsuit which he characterizes as a non-violent protest in for which he was eventually charged with riot.  *See Keys v. Carroll*, 3:10-CV-1570, 2012 WL 580419 (M.D. Pa. Feb. 22, 2012) (denying Keys's attempt to supplement the complaint to include claims for DA Carroll's apparent filing of

5

initiating false criminal charges for the alleged riot). Keys further alleges that the video was hidden after he filed this lawsuit in order "to make it appear that a riot had [occurred] and to falsify retaliatory cover charges against Plaintiff and others who filed complains against them." (Proposed Supp. Compl. at ¶¶ 25-26.) As above, this charge is not sufficiently related to the underlying conduct at issue in this lawsuit and I will decline Keys's attempt to include it in the instant lawsuit. Keys alleges a broad course of orchestrated retaliatory conduct designed to "strike back at Plaintiff for his legal filings and grievances against them." (*Id.* at ¶ 36.) While the filing of the instant lawsuit may be an element of the conduct leading to the alleged retaliation, this is not a sufficient nexus to justify the complete reorganization of this lawsuit at this late date. Instead, this appears to be a renewed attempt to import the facts and claims arising from the April 29, 2010 protest, and I will decline the invitation to do so.

## **CONCLUSION**

As the proposed supplemental pleadings are largely tangential to the pending action in this court, it would not be in the interest of justice to allow Keys further opportunity to supplement his Amended Complaint at this late date. In denying this Motion without prejudice, I believe these ancillary claims are best resolved through separate actions especially in light of the complex procedural history this case has already endured in arriving at this point, now only months away from trial. An appropriate order follows.


 July 6, 2012                                                                    /s/ A. Richard Caputo
Date                                                                                  A. Richard Caputo
                                                                                         United States District Judge

6