# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRINGTON KEYS, | CIVIL ACTION NO. 3:10-cv-1570 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| JACQUELINE CARROLL, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendant District Attorney Jacqueline M. Carroll's Motion to Dismiss the Amended Complaint.  (Doc. 133.)  Because the allegations of the Amended Complaint fail to state a viable claim against District Attorney Carroll, she will be dismissed from this matter.

## BACKGROUND

Plaintiff Carrington Keys is currently incarcerated at State Correctional Institution ("SCI") Camp Hill.  Previously, while incarcerated at SCI Dallas, Keys lodged criminal complaints with the Luzerne County District Attorney's Office that he asserts were not investigated.  In particular, Keys alleges that he submitted information to District Attorney Jacqueline M. Carroll alleging involvement of the Correctional Defendants in the suicide of a fellow inmate, but that instead of investigating and/or prosecuting the Correctional Defendants, Defendant Carroll forwarded Plaintiff's complaint to prison officials who then retaliated against Plaintiff by assaulting him, harassing him, and depriving him of mail.

Keys filed his initial Complaint in the Luzerne County Court of Common Pleas against various prison officials pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, assault, mail

tampering, retaliation, and failure to prosecute. The Defendants removed the action to federal court. (Doc. 1). Defendants to this lawsuit include: Jeffrey A. Beard, Secretary of the Department of Corrections; Michael Klopotoski, the Regional Deputy Secretary for the Department of Corrections; SCI Dallas Superintendent Jerome Walsh; SCI Dallas Deputy Superintendent Vincent Mooney; Joseph Zakkarauskas, Robert McCoy, Lawrence Pudlosky, Elmore Angelope and Nancy Fedor, all employees at SCI Dallas ("Correctional Defendants"); and Jacqueline Musto Carroll, the former District Attorney for Luzerne County.

As a result the District Attorney's Office returning Plaintiff's complaint back to the prison officials, Plaintiff claims he was subjected to verbal and physical harassment from Corrections Officers ("CO") Pudlosky and McCoy who manufactured false misconduct reports to conceal their abuse. Plaintiff's claim against Defendant Carroll is that she had an unconstitutional policy of returning prisoner criminal complaints to their respective institutions in order to endanger the inmates who authored them and to make them disappear. Plaintiff argues that this indifference to his federal rights amounted to a state-created danger, and that Defendant Carroll had constructive knowledge of the culture of lawlessness her actions were promoting within the prisons. Plaintiff further alleges that Defendants Beard, Klopotoski, Walsh, Mooney, and Zakkarauskas were deliberately indifferent in training their Officers as to constitutional policies, and that they affirmatively established policies and practices that encouraged interference with prisoners' right to petition for redress of grievances.

On March 28, 2011, I granted Defendant DA Carroll's Motion to Dismiss the claims made specifically against her. *Keys v. Carroll*, 3:10-CV-1570, 2011 WL 1152135 (M.D. Pa.

Mar. 28, 2011). In pertinent part, I determined that Plaintiff Keys failed to allege necessary facts under the state-created danger doctrine suggesting that sending a complaint back to prison officials to be investigated more thoroughly contained the requisite conscience-shocking degree of culpability. *Id.* at *6. However, I gave Keys twenty-one days to amend this Complaint. After two extensions of this period, Keys declined to amend but instead filed a motion to supplement the complaint on May 24, 2011, bringing new claims against DA Carroll based on new facts. He filed an additional motion to supplement on August 4, 2011 seeking to include additional allegations not related to DA Carroll regarding destruction of legal materials. On November 23, 2011, I denied both motions to supplement, but allowed Keys one final opportunity to submit an amended complaint against DA Carroll on the substantive due process claim. (Doc. 119.) Keys then filed an Amended Complaint on December 6, 2011. (Doc. 125.)

In his Amended Complaint, Plaintiff alleges Defendants' actions were in violation of his rights: (1) to be secure in his person and property under the Fourth, Eighth, and Fourteenth Amendments; (2) to petition for redress of grievances under the First Amendment; (3) to be free of cruel and unusual punishment under the Eighth Amendment; (4) of equal protection under the First and Fourteenth Amendments; and (5) of substantive due process under the Fourteenth Amendment. Keys also claims assault and battery under state law and that Defendant Carroll's actions amounted to a state-created danger under the Fourteenth Amendment's Due Process Clause. Plaintiff seeks a permanent inunction and monetary damages as against all Defendants.

On December 21, 2011, DA Carroll filed her motion to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc.

133.) This motion is now ripe for the Court's review.

## **DISCUSSION**

**I. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly,* 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.*

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the

complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

## II. Analysis

### A.      Allegations of the Amended Complaint

In regard to Defendant District Attorney ("DA") Carroll, Plaintiff Carrington-Alan Keys alleges that on June 28, 2009 and July 13, 2009, he sent criminal complaints to the DA's Office regarding the Corrections Defendants. (Am. Compl. at ¶ 1.)  The June 28 Complaint "was circumvented back to [the] Department of Corrections for corrections officials to investigate themselves" and the July 13 Complaint was also "sent back to [the] institution as part of a practice, protocol or custom of Luzerne County District Attorney[']s Office of allowing SCI Dallas or [the Department of Corrections] to investigate its own crimes, no matter the evidence submitted." (*Id.* at ¶¶ 2-3.)  As a result, the Corrections Defendants were alerted to the existence of these Complaints and retaliation ensued.

From this conduct, Keys concludes that the DA's Office had a "policy, practice or custom [of] sending prisoners['] criminal complaints back into the Institution to assist in further assaults and unlawful action." (*Id.* at ¶ 39.)  Allowing the Institution access to these complaints "subject[ed] Plaintiff and others to further brutalization, harassment, retaliation, starvation, oppression and misconduct." (*Id.* at ¶ 45.)  Such amounted to "a reckless or callous indifference to the federally protected rights or Plaintiff and contributed to Plaintiff[']s injuries, and amounts to a state created danger." (*Id.* at ¶ 43.)

### B.      State-Created Danger Doctrine

"A state actor generally owes no duty to protect an individual against violence from a third person." *Bright v. Westmoreland County*, 380 F.3d 729, 736 (3d Cir. 2004). Therefore, while the Due Process Clause forbids states from depriving "any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, it imposes no

converse obligation that the government aid or protect its citizens. *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 255 (3d Cir.2007) (citing *DeShaney v. Winnebago County Dep't. of Soc. Servs.*, 489 U.S. 189, 196 (1989)). It is well established that the protections afforded by the Amendment "cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means," specifically the actions of private parties. *DeShaney*, 489 U.S. at 195.

However, while a state "does not become the permanent guarantor of an individual's safety by having once offered him shelter," *DeShaney*, 489 U.S. at 189, the state may violate the constitution where its actions are "affirmatively employed in a manner that injures a citizen or renders him 'more vulnerable to injury from another source than he or she would have been in the absence of state intervention.'" *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir.2006) (citing *Schieber v. City of Phila.*, 320 F.3d 409, 416 (3d Cir.2003)). This is referred to as the state-created danger doctrine, which provides that while a state has no constitutional obligation to assist its citizens, it can be liable for its "affirmative acts which work to plaintiffs' detriments in terms of exposure to danger." *D.R. v. Middle Bucks Area Vocational Technical School*, 972 F.2d 1364, 1374 (3d Cir.1992). This "places an affirmative duty on an official to protect and care for an individual when the official has placed the individual in a dangerous position that he would not have otherwise faced." *Wyatt v. Krzysiak*, 82 F. Supp. 2d 250, 255 (D. Del. 1999) (citation omitted).

In the Third Circuit, in order to make out a claim under the state-created danger doctrine, a plaintiff must demonstrate that:

(1) "the harm ultimately caused was foreseeable and fairly direct;"

(2) a state actor acted with a degree of culpability that shocks the conscience;

7

> (3) a relationship between the state and the plaintiff existed such that "the plaintiff was a foreseeable victim of the defendant's acts," or a "member of a discrete class of persons subjected to the potential harm brought about by the state's actions," as opposed to a member of the public in general; and
>
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Bright*, 443 F.3d at 281 (citations omitted).

First, To any extent Plaintiff Keys alleges that the DA's Office has selectively enforced, ignored, or actively concealed crimes, these accusations will be excised from the Amended Complaint. (*See* Am. Compl. at ¶¶ 9, 12, 35, 36, 38, 40, 41 and 44, Doc. 125.) These are conclusory allegations which find no particularized support in the Amended Complaint to lend them any plausibility. In fact, from the face of the Amended Complaint, it is not even possible to determine what reports DA Carroll supposedly falsified or where she allegedly withheld exculpatory evidence. Plaintiff's Brief does nothing to elaborate on these assertions, but instead suggests that "discovery will undoubtedly uncover evidence of unconstitutional practices, policies, and customs spanning over years of corruption." (Pl.'s Br. at 9-10, Doc. 159.) However, without some indication as to the circumstances underlying these claims, it would be improper to allow them to proceed any further in hopes of uncovering evidence of inappropriate conduct.

Second, to any extent that Keys's state-created danger claim is predicated on DA Carroll's knowledge of "an atmosphere of lawlessness" within SCI Dallas, this claim must also fail. (*See* Am. Compl. at ¶ 45.) It is clear that a claim for state-created danger requires a state actor to take affirmative steps to render a plaintiff more vulnerable, and such

8

nonfeasance is legally insufficient for a state-created danger claim.

Third, as I noted in my March 28, 2011 Memorandum, Keys has no entitlement to have his criminal complaints investigated and any state-created danger predicated on such non-investigation must also fail. *See Keys v. Carroll*, 3:10-CV-1570, 2011 WL 1152135, at *5-6 (M.D. Pa. Mar. 28, 2011) (Caputo, J.) (explaining that there is no entitlement to have private criminal complaints investigated). This applies similarly to Keys's apparent claims that he and other inmates were endangered by DA Carroll's failure to investigate or prosecute.

Instead, the only viable foundation for the state-created danger theory in the instant action is limited to DA Carroll's alleged policy of referring back the criminal complaints to their originating institutions for investigation, resulting in harassment. Yet, as in my March 28, 2011 Memorandum, I do not find the requisite conscience-shocking behavior in this alleged practice. In fact, Keys agrees with this assertion and admits "that such practice is generally not recognized as conscience shocking by the courts." (Pl.'s Br. at 12, Doc. 159.) While Keys proceeds to then argue that the creation of false records and concealing crimes is conscience is sufficiently shocking, as I explained above, these claims are without support in the Amended Complaint and will be dismissed.

Therefore, as I find that Plaintiff has failed to state a claim against Defendant DA Carroll for state-created danger under any of the assertions in the Amended Complaint, she will be dismissed.

## **CONCLUSION**

Plaintiff Keys's Amended Complaint fails to state a viable claim against Defendant DA Carroll and she will be dismissed.  An appropriate Order follows.


| | |
|---|---|
| July 13, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |