# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRINGTON ALAN KEYS, | CIVIL ACTION NO. 3:10-CV-1570 |
| Plaintiff, | |
| | (JUDGE CAPUTO) |
| v. | |
| DISTRICT ATTORNEY JACQUELINE M. CARROLL, et al. | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiff Carrington Keys' Motion to Alter or Amend the Court's September 26, 2012 Order. (Doc. 216.) Keys seeks reconsideration of the Court's grant of summary judgment for Defendants Nancy Fedor and Joseph Zakarauskas, arguing that a genuine dispute of material fact exists as to whether he exhausted his administrative remedies regarding his claims against them. As Keys has not presented any previously unavailable evidence or demonstrated a clear error of fact or law in the Court's grant of summary judgment, his motion will be denied.

## I. Background

As the facts are set forth in detail in the Court's September 26, 2012 Memorandum, (Doc. 214), it is unnecessary to repeat them here at length. It is enough to state that this action stems from events occurring in 2009 and 2010 at the State Correctional Institution at Dallas ("SCI-Dallas"), where Plaintiff Carrington Keys was incarcerated from November 21, 2007 until April 29, 2010. In June and July of 2009, Keys lodged criminal complaints with the Luzerne County District Attorney's Office alleging the involvement of several SCI-Dallas officials in an inmate's suicide. His complaints were not investigated or prosecuted, but turned over to prison officials instead. Keys alleges that because of his complaints,

prison officials retaliated against him by assaulting him, harassing him, and interfering with his mail.

On December 6, 2011, Keys filed his Amended Complaint, alleging that various SCI-Dallas employees, including Defendants Nancy Fedor and Joseph Zakarauskas, violated his constitutional rights. (Doc. 125.) He alleged, *inter alia*, that Fedor, the prison's mailroom supervisor, and Zakarauskas, the prison's Major of the Guard, interfered with his mail, causing two legal matters of his to be dismissed. (Doc. 125.) On July 16, 2012, the Defendants filed a motion for summary judgment. (Doc. 188.) In a Memorandum and Order dated September 26, 2012, this Court granted the Defendants' motion for summary judgment in part. (Docs. 214–215.) Keys filed his Motion to Alter or Amend the Court's September 26, 2012 Order on October 17, 2012. (Doc. 216.) He specifically challenges the Court's grant of summary judgment for Defendants Fedor and Zakarauskas, arguing that a genuine issue of material fact exists as to whether he exhausted his administrative remedies concerning his claims against them.

## II. Discussion

### A. Legal Standard

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). Alternatively, when the reconsideration motion is not to amend or alter the judgment pursuant to Rule 59, Middle District of Pennsylvania Local Rule 7.10 allows a party to seek reconsideration within fourteen(14) days of entry of an order. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an

2

intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa.1999).

**B.    Keys' Motion for Reconsideration**

In Part III.A.2 of its September 26, 2012 Memorandum and Order, the Court ruled that because Keys failed to exhaust his administrative remedies concerning his grievances against Defendants Fedor and Zakarauskas, summary judgment would be granted in their favor. (Doc. 214 at 16.) Keys argues that in doing so, the Court improperly made a determination of credibility as to a material factual dispute. (Doc. 216 at 2.) He cites the affidavits of his fellow inmates, Reuben Henry and Joshua Payne, and a letter to SCI-Dallas Grievance Coordinator Robin Lucas as evidence of a genuine dispute of material fact as to whether he exhausted his administrative remedies concerning his grievances against Fedor and Zakarauskas. (*Id.* at 1–2.)

The Court finds this argument to be unavailing and nothing more than an attempt by Keys to relitigate his disagreement with the Court. In their affidavits, Henry and Payne state that on or around July 29, 2011, they witnessed "Property Officer Huber" tell Keys that his

3

superiors had instructed him to confiscate all of Keys' grievances. (Doc. 210, Exs. R–S.) However, these affidavits fail to create a genuine issue of material fact as to whether Keys exhausted his administrative remedies concerning his grievances against Fedor and Zakarauskas for several reasons. First, the incident described by Henry and Payne allegedly occurred on July 29, 2011, more than a year after Keys had been transferred from SCI-Dallas. (Doc. 214 at 2.) Thus, the event described in the affidavits could not pertain to the alleged destruction of Keys' grievances against Fedor and Zakarauskas, who worked at SCI-Dallas. Also, the alleged instances of mail tampering by Fedor and Zakarauskas predated the incident with "Property Officer Huber" by more than a year. (*Id.* at 4–5.) Given that the internal grievance procedure at SCI-Dallas requires inmates to file a grievance within fifteen (15) working days of the event on which the grievance is based, any timely-filed grievances about the alleged instances of mail tampering were required to have been filed in the spring of 2010. (*Id.* at 5.) Therefore, the 2011 event described in the Henry and Payne affidavits could not pertain to Keys' grievances against Fedor and Zakarauskas.

Similarly, Keys' letter to Lucas (Doc. 210, Ex. F), which inquires into the status of certain grievances that he claims to have filed, does not evidence the exhaustion of his administrative remedies. When viewed in the light most favorable to Keys, the letter shows at most that he filed grievances about the alleged mail tampering incidents. However, filing a grievance is only the first of three steps that an inmate at SCI-Dallas must take to complete the prison's internal grievance procedure (and thus exhaust his administrative remedies concerning a grievance). (Doc. 124 at 13–14.) There is no evidence that Keys took any of the other steps necessary to exhaust his administrative remedies as to his mail tampering grievances against Fedor and Zakarauskas. Given this lack of evidence, there is no genuine issue of material fact as to whether Keys exhausted his administrative remedies concerning his grievances against Fedor and Zakarauskas, and the Court properly

4

granted summary judgment for those Defendants. Therefore, as the Court did not commit a clear error of law or fact in its ruling, Keys' motion for reconsideration will be denied.

### III. Conclusion

Because Keys has not presented any previously unavailable evidence or demonstrated a clear error of fact or law in the Court's grant of summary judgment in favor of Defendants Fedor and Zakarauskas, Keys' motion for reconsideration will be denied.

An appropriate order follows.

| | |
|---|---|
| December 13, 2012<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |