**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CARRINGTON ALAN KEYS,

     Plaintiff,

        v.

JACQUELINE M. CARROLL, et al.,

     Defendants.

CIVIL ACTION NO. 3:10-CV-1570

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is Plaintiff Carrington Keys's "Motion for Entry of Judgment Notwithstanding the Verdict (JNOV) and Motion for a New Trial under Rule 59(a) & (e)" (Doc. 301). Mr. Keys's motion will be denied because has failed to demonstrate that judgment as a matter of law under Federal Rule of Civil Procedure 50(b) or a new trial under Federal Rule of Civil Procedure 59(a) are appropriate. He also fails to demonstrate that a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) is appropriate.

**BACKGROUND**

Mr. Keys claimed that on August 27, 2009, Defendant Corrections Officers Pudlosky and McCoy (collectively, "Defendants") used racial slurs and insulted him for filing complaints against their superior officers while he was incarcerated at State Correctional Institute at Dallas ("SCI-Dallas"). Mr. Keys alleges that Defendants also subjected him to a retaliatory strip search where they used excessive force and assaulted him while he was handcuffed, causing him injury. Defendants Pudlosky and McCoy denied that they assaulted Mr. Keys or used excessive force against him. Defendants claimed that on August 27, 2009, they escorted Mr. Keys from the exercise yard back to his cell and when they told him that he had to be strip-searched, Mr. Keys resisted and elbowed Defendant Pudlosky in the side, refused to cooperate during the strip search, slipped out of his handcuffs, and spit on Defendant McCoy. A Licensed

Practical Nurse at the prison examined Keys shortly after the incident and reported only a superficial abrasion to his right thumb.  The incident was investigated by the prison's Security Office and Defendants Pudlosky and McCoy were not disciplined for this incident.

The case proceeded to trial for the first time in January of 2013, but resulted in a mistrial.  The case was re-listed and proceeded to trial again on October 15, 2013.  On October 16, 2013, a jury found that neither Defendant Pudlosky nor Defendant McCoy retaliated against Mr. Keys or used excessive force against Mr. Keys in violation of his First and Eighth Amendment rights.  Thereafter, Mr. Keys filed the instant motion.  Although not explicitly stated, Defendants assume that Mr. Keys's Motion for Entry of Judgment Notwithstanding the Verdict is a Renewed Motion for Judgment as a Matter of Law under Rule 50(b).  The Court will treat it as such.[1]  Mr. Keys's motion is now ripe for disposition.

## LEGAL STANDARD

### I.    Rule 50(b)

Under Rule 50(b), a party may renew its request for a motion for judgment as a matter of law by filing a motion no more than twenty-eight (28) days after judgment is entered.  Fed. R. Civ. P. 50(b).  In deciding whether to grant a Rule 50(b) motion:

> [T]he trial court must view the evidence in the light most favorable to the nonmoving party, and determine whether the record contains "the minimum quantum of evidence from which a jury might reasonably afford relief." The court may not weigh evidence, determine the credibility of witnesses or substitute its version of the facts for that of the jury. The court may, however, enter judgment notwithstanding the verdict if upon review of the record, it can be said as a matter of law that the verdict is not supported by legally sufficient evidence.

---

[1]    "The 1991 amendment of Rule 50 changed the terminology . . . so that the motion for judgment notwithstanding the verdict . . . simply was recharacterized as a renewed motion for judgment as a matter of law.  No change in the substance of the motion was intended by the 1991 amendment, however." 9B Fed. Prac. & Proc. Civ. (3d ed.) § 2537.

*Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 691–92 (3d Cir.1993), abrogation on other grounds recognized by *United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.*, 316 F.3d 392 (3d Cir.2003) (citations omitted). A Rule 50 motion will be granted "only if, viewing the evidence in the light most favorable to the nonmovant and giving [the nonmovant] the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir.1993). The question is not whether there is literally no evidence supporting the non-moving party, but whether there is evidence upon which the jury could properly find for the non-moving party. *See Walter*, 985 F.2d at 1238 (citing *Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir.1978)).

## II.      Rule 59(a)

"The court may, on motion, grant a new trial on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)(A). The decision of whether to grant a new trial following a jury verdict is within the sound discretion of the trial court. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980); *Blancha v. Raymark Indus.*, 972 F.2d 507, 512 (3d Cir.1992). Courts have granted motions for a new trial where: "(1) there is a significant error of law, to the prejudice of the moving party; (2) the verdict is against the weight of the evidence; (3) the size of the verdict is against the weight of the evidence; or (4) counsel engaged in improper conduct that had a prejudicial effect on the jury." *Todd v. Luzerne Cnty. Children & Youth Servs.*, No. 04–2637, 2011 WL 841429, at *2 (M.D. Pa. Mar.8, 2011) (citing *Maylie v. Nat'l R.R. Passenger Corp.*, 791 F.Supp. 477, 480 (E.D.Pa.1992), aff'd 983 F.2d 1051 (3d Cir.1992)). Where the evidence is in conflict, however, and subject to two or more interpretations, the trial judge should be reluctant to grant a new trial. *See Klein v. Hollings*, 992 F.2d 1285, 1295 (3d Cir.1993).

**III.     Rule 59(e)**

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Under Rule 59(e), "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). A motion for reconsideration "is not to be used as a means to reargue matters already argued and disposed of." *Waye v. First Citizen's Nat. Bank*, 846 F.Supp. 310, 314 (M.D.Pa.1994).

## DISCUSSION

**I.     Rule 50(b)**

As an initial matter, under Rule 50(b), Mr. Key's motion for "entry of judgment judgement notwithstanding the verdict" is improper, because he never made a motion for judgment as a matter of law under Rule 50(a). *See Evans v. York County Adult Probation and Parole Dept.*, No. 09-CV-1013, 2012 WL 4069766, at *2 (M.D. Pa. Sept. 17, 2012)("The court notes that Evans cannot file a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) because he never made a motion for judgment as a matter of law at any time before the case was submitted to the jury."). However, even if he had made a timely motion for judgment as a matter of law under Rule 50(a), the instant motion should be denied because Mr. Keys fails to demonstrate that there was insufficient evidence for a jury find in favor of Defendants.

More specifically, Mr. Keys takes issue with two pieces of evidence that were admitted at trial. First, Mr. Keys opposes the testimony of Walter Putnam, who said he was Mr. Keys's Counselor at SCI-Dallas. (Doc. 302, ¶ 2.) Mr. Keys claims that "at no time during the timeframe of Plaintiff's complaints was Walter Putnam the Plaintiff's

4

counselor." (Doc. 302, ¶ 3.)  Second, Mr. Keys opposes the admission of a "Quarters Card that attested that Plaintiff 'slips handcuffs.'"  (Doc. 302, ¶ 4.)  Mr. Keys alleges that he did not arrive at SCI-Dallas until November 21, 2013 and that he was not on the KA Block in the year 2007, and that the "Quarters Card" was "false documentation."  (Doc. 302, ¶ 4-5; Doc. 301, ¶ 2.)

Despite these allegations, viewing the evidence in the light most favorable to the Defendants, the nonmoving party, the Court finds that the record contains "the minimum quantum of evidence from which a jury might reasonably afford relief."  *Parkway Garage, Inc.*, 5 F.3d at 691–92.  Therefore, Mr. Keys's Motion under Rule 50(b) will be denied.

## II.    Rule 59(a)

Mr. Keys argues that he is entitled to a new trial "to correct a clear error of fact and to prevent manifest injustice." (Doc. 302, 4.)  In support of his motion, he argues that "false testimony and false documentation presented by Defendants counsel . . . confused the jury and prejudiced the Plaintiff's federally protected rights to fair and meaningful review of his civil action."  (Doc. 301, ¶ 4.)

The Court will not order a new trial under Rule 59 because it does not find that the verdict was against the great weight of evidence.  In the Third Circuit, "[a] new trial may be granted when the verdict is contrary to the great weight of the evidence; that is, 'where a miscarriage of justice would result if the verdict were to stand.'"  *Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 453 (3d Cir. 2001) (quoting *Olefins Trading, Inc. v. Han Yang Chem. Corp.*, 9 F.3d 282, 289 (3d Cir. 1993)).  "'This limit upon the district court's power to grant a new trial seeks to ensure that a district court does not substitute its judgment of the facts and the credibility of the witnesses for that of the jury.'"  *Delli Santi v. CNA Ins. Cos.*, 88 F.3d 192, 201 (3d Cir.1996) (quoting *Fineman v. Armstrong World Indus., Inc.*, 980 F.3d 171, 211 (3d Cir.1992)).  Thus, the Third Circuit has indicated that "a District Court reviewing a jury verdict has an 'obligation . . . to uphold the jury's award if there exists a reasonable basis to do so.'"  *Evans v. Port Authority of New York & New Jersey*, 273 F.3d 346, 351–352 (3d Cir.2001) (quoting *Motter v. Everest & Jennings,*

*Inc.*, 883 F.2d 1223, 1230 (3d Cir.1989)).  As noted above, there was sufficient evidence on the record for a jury to find in favor of Defendants.  As such, the jury verdict was not against the great weight of the evidence, and Mr. Keys's motion for a new trial will be denied.

**III.     Rule 59(e)**

To the extent that Mr. Keys has made a motion to alter or amend judgment under Rule 59(e), this motion will be denied because he has not pointed to an intervening change in the controlling law, the availability of new evidence, or a need to correct a clear error of law or fact to prevent manifest injustice.  *See generally Quinteros*, 176 F.3d at 677.

### III. Conclusion

For the reasons stated above Mr. Keys's motion will be denied.

An appropriate order follows.

| | |
|---|---|
| December 23, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |